ROBBINS GELLER RUDMAN
   & DOWD LLP
LAURIE L. LARGENT (153493)
STEPHEN JOHNSON (347822)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
llargent@rgrdlaw.com
sjohnson@rgrdlaw.com

Lead Counsel for Lead Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA WASWICK, on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> TORRID HOLDINGS INC., et al., <br><br> Defendants. | Case No. 2:22-cv-08375-JLS(ASx) <br><br> PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE <br><br> DATE: September 22, 2023 <br> TIME: 10:30 a.m. <br> CTRM: 8A <br> JUDGE: Hon. Josephine L. Staton |

4867-0720-5236.v1

Court-appointed Lead Plaintiff City of Warren Police and Fire Retirement System ("Lead Plaintiff") and additional plaintiff Erika Schroth (collectively, "Plaintiffs"), hereby respectfully submit this memorandum of points and authorities in opposition to Defendants' Request for Judicial Notice in Support of Defendants' Motion to Dismiss Amended Class Action Complaint (ECF 73) ("RJN") of documents appended to the Declaration of Austin Norris in Support of Defendants' Motion to Dismiss Amended Class Action Complaint with Prejudice (ECF 72) ("Norris Declaration"), submitted by the Torrid and Sycamore Defendants in support of their Motion to Dismiss Amended Class Action Complaint (ECF 71) ("Motion" or "Mtn.").[1]

## I. INTRODUCTION

Disinterested in disputing the sufficiency of the Complaint's allegations, Defendants endeavored to factually rebut them.[2]  To that end, Defendants submitted 40 exhibits and two appendices, totaling nearly 1,300 pages of extrinsic documents, that they argue may all be considered at this stage, in their entirety, for the truth of each and every matter asserted therein.  RJN at 6.

For the reasons and as set forth below, the RJN should be denied.

## II. ARGUMENT

### A. Legal Standards

"Generally, district courts may not consider material outside the pleadings" in

---

[1]   The "Torrid and Sycamore Defendants," also referred to herein as "Defendants," are Torrid Holdings, Inc., Lisa Harper, Stefan L. Kaluzny, Theo Killion, Dary Kopelioff, Elizabeth Muñoz, George Wehlitz, Sycamore Partners Management, L.P., Sycamore Partners Torrid, LLC, Sycamore Partners, L.P., Sycamore Partners Associates-C, L.P., Sycamore Partners Associates, L.P., Sycamore Partners Associates Investments, L.P., Sycamore Partners (Co-Invest), L.L.C. and Sycamore Partners Associates Co-Invest, L.P.

[2]   All "¶" and "¶¶" references are to Plaintiffs' Consolidated Class Action Complaint for the Violation of Federal Securities Laws (ECF 59) ("Complaint").  All "Exhibit" and "Appendix" references refer to the attachments to the Norris Declaration.  All citations are omitted and emphasis added unless otherwise indicated.

- 1 -

ruling on a Rule 12(b)(6) motion. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). "There are two exceptions to this rule: the incorporation-by-reference doctrine, and judicial notice under Federal Rule of Evidence 201." *Id.*

### 1.      Incorporation by Reference

The incorporation by reference doctrine "'treats certain documents as though they are part of the complaint itself.'" *Sinatro v. Barilla Am., Inc.*, 2022 WL 10128276, at *5 (N.D. Cal. Oct. 17, 2022). It is only appropriate for a document to be considered incorporated by reference if the "'plaintiff refers extensively[to the document or the document forms the basis of the plaintiff's claim.'" *Id.* at 5 (citing *Khoja*, 899 F.3d at 1002). "[T]he mere mention of the existence of a document is insufficient to incorporate the contents of a document." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010).

The questions of whether and how to consider documents purportedly incorporated by reference turn not only on how plaintiffs have used the document to support their complaint, but how defendants use the document to support their motion to dismiss. As the Ninth Circuit has held, "if the document merely creates a defense to the well-pled allegations in the complaint, then that document did not necessarily form the basis of the complaint." *Khoja*, 899 F.3d at 1002. The incorporation by reference doctrine therefore cannot be used as "a tool for defendants to short-circuit the resolution of a well-pleaded claim." *Id.* at 1003. Thus, "[i]t is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint." *Id*. at 1002 (Defendants may not "insert their own version of events into the complaint to defeat [Plaintiffs'] otherwise cognizable claims."); *see also In re Immune Response Sec. Litig.*, 375 F. Supp. 2d 983, 995 (S.D. Cal. 2005).

Due to the danger of incorporation by reference "short-circuit[ing] the resolution of well-pleaded claim[s]," the Ninth Circuit has held that the doctrine is to

- 2 -

4867-0720-5236.v1

be "approached with caution." *Khoja*, 899 F.3d at 1003.  This is especially true in securities actions because, "[i]f defendants are permitted to present their own version of the facts at the pleading stage – and district courts accept those facts as uncontroverted and true – it becomes near impossible for even the most aggrieved plaintiff to demonstrate a sufficiently 'plausible' claim for relief." *Id.* at 999.

### 2.    Judicial Notice

Federal Rule of Evidence 201 ("Rule 201") provides for judicial notice of facts "not subject to reasonable dispute." Fed. R. Evid. 201(b).  While certain facts within public records may be the proper subject of judicial notice, a "'court cannot take judicial notice of disputed facts contained in such public records.'" *In re Splunk Inc. Sec. Litig.*, 592 F. Supp. 3d 919, 929 (N.D. Cal. 2022).  Indeed, courts should take judicial notice of only "what was said, when it was said, and who said it without prejudice to plaintiff's ability to contest the accuracy of those statements." *In re Impinj, Inc., Sec. Litig.*, 414 F. Supp. 3d 1327, 1333 (W.D. Wash. 2019).  In the context of Securities and Exchange Commission ("SEC") filings, "[i]t is appropriate for the court to take judicial notice of the content of the SEC Forms . . .  and the fact that they were filed with the agency.  The truth of the content, and the inferences properly drawn from them, however, is not a proper subject of judicial notice." *Patel v. Parnes*, 253 F.R.D. 531, 546 (C.D. Cal. 2008).

Where a court takes judicial notice of certain facts within documents – recognizing that Rule 201 does not provide for judicial notice of documents – it must specify the facts it is noticing from the document. *Khoja*, 899 F.3d at 999.  To be considered in connection with a motion, in addition to meeting the requirements of Rule 201, such facts must be relevant and "[]necessary for the Court to decide the Motions." *Crews v. Rivian Auto., Inc.*, 2023 WL 3050081, at *8 (C.D. Cal. Feb. 16, 2023).

- 3 -

4867-0720-5236.v1

### 3.     Appendices

The Central District of California has local rules that govern the submission, size, and form of briefs and memoranda of points and authorities.  Local Rule ("L.R.") 11-6 provides that "no memorandum of points and authorities . . . may exceed 7,000 words."   L.R. 11-6.1.   Local Rule 11-7 governs appendices to those briefs. Specifically, Local Rule 11-7 mandates that "[a]ppendices shall not include any matters which properly belong in the body of the memorandum of points and authorities . . . ."  L.R. 11-7.

### B.     Appendices A and B Should Not Be Considered in Connection with Defendants' Motion to Dismiss

Appendices A and B of the Norris Declaration are in direct violation of Local Rules 11-6.1 and 11-7, and should not be considered in connection with the Motion. Appendix A is a 9,511-word, lawyer-generated extension of Defendants' Motion that makes, and facilitates, additional arguments that "properly belong in the body of the memorandum of points and authorities." *Id.*  Appendix B, similarly, is a 609-word document that utilizes a series of Forms 4 filed by Defendants that are not incorporated into the Complaint, and are not properly considered under Rule 201 as they are relied on exclusively for the truth of the matters asserted therein – namely, that Defendants did, in fact, purchase and sell certain quantities of Torrid stock at various relevant and irrelevant times as reflected in the cited Forms 4.   And Defendants do not – indeed, cannot – make any attempt to justify their submission of either Appendix.

The impropriety of these submissions is plainly reflected in the case law. Facing a nearly identical scenario, weighing a motion to dismiss in a securities case with claims under §§10 and 20(a) of the Securities and Exchange Act of 1934, with defendants submitting a chart of the alleged false and misleading statements on one side and highlighting the purported defects in the plaintiff's pleadings on the other, another court in this district struck such an appendix as violating the Central District

- 4 -

4867-0720-5236.v1

of California's Local Rules. *Cheng Jiangchen v. Rentech, Inc.*, 2017 WL 10363990, at *4 (C.D. Cal. Nov. 20, 2017) (citing *Think Vill.-Kiwi, LLC v. Adobe Sys., Inc.*, 2009 WL 3837270, at *7 (N.D. Cal. Nov. 16, 2009) (striking a chart for violating the local rule's page limitation because "'defense counsel was required to include all argument within the text'" of the papers)).

As the *Rentech* court held, "[d]efendants have exceeded the . . . limit set for briefs in Local Rule 11-6" because "the chart allows [d]efendants to make further arguments in violation of Local Rule 11-6." 2017 WL 10363990 at *4. The same is true here. *See* Mtn. at 3, 4, 6, 16 (each an instance of Defendants' charts "allow[ing] Defendants to make further arguments"). In rejecting defendants' arguments that the appendix was merely another exhibit, the *Rentech* court noted that "[d]efendants themselves characterized the chart as an appendix." 2017 WL 10363990, at *4. The same is true here. *See* Mtn. at viii[], 3, 4, 6, 16. That very "distinction le[d] the Court to find that Defendant did not intend to utilize Appendix A in the same manner as an exhibit." *Rentech*, 2017 WL 10363990, at *4. The same should be true here.

Defendants' Appendices should not be considered. Alternatively, if the Court considers Defendants' Appendix A, the Court should similarly consider Plaintiffs' Appendix A in ruling on Defendants' Motion.[3]

### C.   Exhibits 3-6, 9, 11, and 19-41 Are Not Incorporated by Reference or Are Cited by Defendants for an Improper Purpose

Defendants argue that Exhibits 3-41 are each incorporated by reference into the Complaint. RJN at 2. As an initial matter, Plaintiffs need not address Exhibits 13-18 or 20 as they are nowhere cited in Defendants' Motion and can be disregarded out of hand as they are thus "unnecessary for the Court to decide the Motions." *Rivian*, 2023 WL 3050081, at *8. Secondly, Exhibits 23-42 are not properly considered

---

[3]   Plaintiffs' Appendix A is appended to Plaintiffs' Memorandum in Opposition to the Torrid and Sycamore Defendants' Motion to Dismiss the Complaint.

- 5 -

incorporated by reference as they are cited nowhere within the Complaint nor do they form the basis of Plaintiffs' claims. Finally, while Plaintiffs do not contest that Exhibits 3-12, 19, and 21-22 are cited within the Complaint and form the basis of Plaintiffs' claims, those Exhibits are cited for an improper purpose within Defendants' Motion.

### 1. Exhibits 23-41 Are Not Incorporated by Reference

Defendants acknowledge in the RJN that Exhibits 23-41 are not cited anywhere in the Complaint. *See* RJN at 2-4 ("Where applicable . . . identify[ing] next to the Exhibit the paragraphs of the [Complaint] that reference or quote from the materials" and citing no paragraph for Exhibits 23-41.). This alone is sufficient to reject Defendants' arguments that such documents are incorporated by reference. *See Anschutz Corp. v. Merrill Lynch & Co. Inc.*, 785 F. Supp. 2d 799, 834 (N.D. Cal. 2011) (rejecting incorporation by reference of items not mentioned in the complaint).

Defendants one and only argument as to why Exhibits 23-41 should nonetheless be considered incorporated into the Complaint is that these statements "'constitute the subject matter of the claim: [Torrid's] public statements.'" RJN at 5 (citing *Wochos v. Tesla, Inc.*, 2018 WL 4076437, at *2 (N.D. Cal. Aug. 27, 2018)). A slender reed indeed. The cited language in *Tesla* stands merely for the uncontroversial proposition that the documents that actually form the basis of the claim, meaning the public statements that plaintiffs allege to be the basis of their securities complaints, are incorporated by reference. The *Tesla* decision does not suggest – nor does any other authority cited by Defendants – that, in any securities action arising out of public statements, every public statement made by any defendant to that action are incorporated into the complaint.

Exhibits 23-41 should not be considered incorporated by reference.

### 2. Defendants Cite Exhibits 3-9, 11, 19, and 21-22 for an Improper Purpose

Plaintiffs do not contest that Exhibits 3-9, 11, 19, and 21-22 are cited within the

- 6 -

Complaint and form the basis of Plaintiffs' claims. However, each of these exhibits are used by Defendants for the improper purpose of "present[ing] their own version of the facts at the pleading stage" as discussed by the Ninth Circuit in *Khoja*. 899 F.3d at 999.

Defendants cite Exhibits 3-9, 19, and 21-22 as reflecting the true levels of Torrid's inventory throughout the Class Period. Mtn. at 3 n.4, n.5, 9 (calling these figures Torrid's "actual inventory"). Plaintiffs allege in the Complaint these figures were simply untrue or, at best, misleading. *See, e.g.*, ¶¶82, 139, 147-148, 151, 168, 170, 183.

Defendants cite Exhibit 4 to argue that Torrid indeed outperformed their guidance, relying on the truth of the earnings figures reflected therein. Mtn. at 4. Plaintiffs allege in the Complaint that this financial statement was false and/or misleading. *See* ¶¶131, 139.

Defendants cite Exhibit 9 to argue that Torrid's actual financial performance was as good as promised. Mtn. at 4.

Defendants cite Exhibit 11 to argue that Torrid's distribution center truly "was fully capable of handling existing and future needs." Mtn. at 9. Plaintiffs allege in the Complaint this statement was untrue. ¶¶83-84, 160-161.

Thus, it is clear "Defendant[s] [are] not explaining or arguing the allegations in Plaintiffs' [complaint] – [they are] trying to factually rebut them." *Rollins v. Dignity Health*, 338 F. Supp. 3d 1025, 1031 (N.D. Cal. 2018) (denying incorporation by reference on those grounds). Defendants' tautological arguments, which essentially state that Plaintiffs' claims must fail because the very documents Plaintiffs allege are untrue and/or misleading make statements contrary to what Plaintiffs allege is the truth, should not be considered. This is precisely what the Ninth Circuit warned of in *Khoja* when the court there cautioned district courts against allowing defendants to weaponize the doctrine of incorporation by reference to "short-circuit the resolution of a well-pleaded claim." 899 F.3d at 1003.

- 7 -

4867-0720-5236.v1

The Court should not consider Exhibits 3-9, 11, 19, or 21-22 for the improper arguments that flow therefrom in Defendants' Motion.

**D.      Exhibits 3-6, 9, 11, 13-42 Are Either Not Properly Subject to Judicial Notice or Are Cited For an Improper Purpose**

Plaintiffs do not contest that Exhibits 3-42 are the sorts of documents that contain facts that could be properly the subject of judicial notice. Each are public statements with contents that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

**1.      The Court Need Not Take Judicial Notice of Exhibits 13-18 or 20 as Defendants Do Not Cite Those Exhibits in the Motion**

Exhibits 13-18 and 20 are not cited in the Motion. Thus, they are not properly subject to judicial notice as they are "unnecessary for the Court to decide the Motions." *Rivian*, 2023 WL 3050081, at *8; *see also Funk v. Bank of Hawai'i*, 2020 WL 2494530, at *2-*3 (N.D. Cal. May 14, 2020) (declining to judicially notice exhibits that defendants do not rely on for their motion as irrelevant to the court's resolution of the motion).

**2.      Defendants Improperly Cite Exhibits 3-6, 9, 11, 19, and 21-42 for the Truth of the Matters Asserted Therein**

Exhibits 3-6, 9, 11, 19, and 21-42 are all public statements made by Defendants, including financial statements filed with the SEC, press releases and transcripts of earnings calls Defendants held with investors. *See* RJN at 2-4. Each is improperly relied upon for the truth of various matters asserted therein.

Exhibit 3, Defendants' Registration Statement, is cited to argue that the inventory levels reflected therein were accurate. Mtn. at 3, 9, 12. Exhibits 5, 6, 19, 21, and 22 are each similarly cited for the same factual proposition at various points during the Class Period. Mtn. at 3, 9 (Exhibits 5, 6, 19, 21, and 22 each cited as reflecting true inventory levels). Exhibit 4, Defendants' Q2 2021 Form 10-Q, is cited

- 8 -

4867-0720-5236.v1

for the truth of the earnings and sales figures reflected therein.  Mtn. at 4.  Exhibit 42, Torrid's Q1 2023 Form 10-Q, is cited to argue that Torrid did, in fact, use "its 'data-driven [inventory management] approach' through the end of the Class Period (and beyond)."  Mtn. at 8.

Exhibits 23-41 are Forms 4 filed by various Defendants with the SEC in connection with the acquisition and/or sale of Torrid stock, organized and reflected in Appendix B to the Norris Declaration.  These documents are cited solely for the truth of the matters asserted therein – that Defendants did, in fact, acquire, sell, and/or hold certain quantities of Torrid stock at various times.  *See* Mtn. at 16 (arguing the truth of the quantities reflected in the Forms 4 as negating an inference of scienter).

However, such use of Forms 4 has long been resoundingly rejected by courts in and out of this District weighing motions to dismiss in securities claims such as this.  *See, e.g.*, *Morris v. Smith Micro Software, Inc.*, 2012 WL 12948541, at *3 (C.D. Cal. May 21, 2012) ("This Court joins those that decline to judicially notice the truth of the contents of SEC filings, including the dates and volume of stock purchases listed in SEC Form 4s."); *Patel*, 253 F.R.D. at 546 ("It is appropriate for the court to take judicial notice of the content of the SEC Forms 4 and the fact that they were filed with the agency.  The truth of the content, and the inferences properly drawn from them, however, is not a proper subject of judicial notice . . . ."); *Maiman v. Talbott*, 2010 WL 11421950, at *7 (C.D. Cal. Aug. 9, 2010) ("The Court joins the courts that decline to take judicial notice of defendants' stock purchases reflected in Forms 4 . . . judicial notice should not be taken of the truth of their contents."it).  *In re Appharvest Sec. Litig.*, 2023 WL 4866233, at *18 (S.D.N.Y. Aug. 1, 2023) ("the Court may only take judicial notice that these Forms 4 exist, not for the truth of their contents") (collecting cases).  Accordingly, neither Exhibits 23-41 nor Appendix B, compiling and organizing the facts reflected therein, should be considered.

Exhibits 3-6, 9, 11, 19, and 21-42 should not be judicially noticed.

## III.   CONCLUSION

For the reasons set forth above, Plaintiffs request the Court: (1) Consider neither Appendix A nor Appendix B; (2) Find that Exhibits 23-41 are not incorporated by reference into the Complaint; (3) Find that Exhibits 3-6, 9, 11, 19, and 21-22 are incorporated by reference into the Complaint, but not consider Defendants' arguments that rely on the truth of the matters asserted therein to craft an alternative factual narrative as a defense to the Complaint; (4) Deny judicial notice as to Exhibits 13-18 and 20 and decline to consider them; and (5) Take judicial notice of the fact that the statements in Exhibits 3-12, 19, and 21-41 were made, but not of the truth of any matter asserted therein.

DATED:  August 4, 2023

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
LAURIE L. LARGENT
STEPHEN JOHNSON

s/ Stephen Johnson
STEPHEN JOHNSON

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
llargent@rgrdlaw.com
sjohnson@rgrdlaw.com

Lead Counsel for Lead Plaintiff

VANOVERBEKE, MICHAUD
  & TIMMONY, P.C.
THOMAS C. MICHAUD
79 Alfred Street
Detroit, MI  48201
Telephone:  313/578-1200
313/578-1201 (fax)
tmichaud@vmtlaw.com

Additional Counsel for Lead Plaintiff

- 10 -

4867-0720-5236.v1

LEVI & KORSINSKY LLP
SHANNON L. HOPKINS (*pro hac vice*)
GREGORY M. POTREPKA (*pro hac vice*)
DAVID JAYNES (SBN 338917)
1111 Summer Street, Suite 403
Stamford, CT 06905
Telephone: 203/9924523
shopkins@zlk.com
gpotreka@zlk.com
diavnes@zlk.com

Additional Counsel for Plaintiff Erika Schroth

- 11 -

4867-0720-5236.v1

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Lead Plaintiff City of Warren Police and Fire Retirement System and additional plaintiff Erika Schroth, certifies that this brief contains 2,968 words, which [choose one]:

 X  complies with the word limit of L.R. 11-6.1

__complies with the word limit set by court order dated ____.

 s/ Stephen Johnson
STEPHEN JOHNSON

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

Email:  sjohnson@rgrdlaw.com

4867-0720-5236.v1

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on August 4, 2023, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Stephen Johnson
STEPHEN JOHNSON

ROBBINS GELLER RUDMAN
   & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

Email:  sjohnson@rgrdlaw.com

4867-0720-5236.v1

**Mailing Information for a Case 2:22-cv-08375-JLS-AS Sandra Waswick v. Torrid Holdings, Inc. et al**

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Adam Marc Apton**
  aapton@zlk.com,ecf@zlk.com

- **Kevin M. Askew**
  kaskew@orrick.com

- **Darrell S. Cafasso**
  dcafasso@orrick.com

- **Mark C. Holscher**
  mark.holscher@kirkland.com,mholscher@kirkland.com,adrienne-levin-5018@ecf.pacerpro.com

- **Shannon L. Hopkins**
  shopkins@zlk.com,shalliday@zlk.com,ecf@zlk.com

- **David C Jaynes**
  djaynes@zlk.com,gpotrepka@zlk.com,shalliday@zlk.com,ecf@zlk.com,shopkins@zlk.com

- **Stephen Johnson**
  sjohnson@rgrdlaw.com

- **Jennifer M. Keighley**
  jkeighley@orrick.com

- **James N. Kramer**
  jkramer@orrick.com,lpatts@orrick.com,casestream@ecf.courtdrive.com

- **Laurie L Largent**
  llargent@rgrdlaw.com,agonzales@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Brett M. Middleton**
  brettm@johnsonfistel.com,kristeno@johnsonfistel.com,paralegal@johnsonfistel.com

- **Austin C Norris**
  austin.norris@kirkland.com,laura-bay-kirkland-ellis-llp-2744@ecf.pacerpro.com,jelani.solper@kirkland.com,laura.bay@kirkland.com

- **Jennifer Pafiti**
  jpafiti@pomlaw.com,ahood@pomlaw.com,egoodman@pomlaw.com,tprzybylowski@pomlaw.com,jlopiano@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com,jalieberman@pomlaw.c

- **Gregory M. Potrepka**
  gpotrepka@zlk.com,ecf@zlk.com

- **Laurence M. Rosen**
  lrosen@rosenlegal.com,lrosen@ecf.courtdrive.com

- **Matthew O. Solum**
  msolum@kirkland.com

- **Alexander K. Talarides**
  atalarides@orrick.com,lpatts@orrick.com

**Manual Notice List**

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)