Mark Holscher (SBN 139582)
Austin Norris (SBN 284603)
KIRKLAND AND ELLIS LLP
2049 Century Park East
Los Angeles, CA 90067
Telephone:   (310) 552-4200
Facsimile:    (310) 552-5900
Email: mark.holscher@kirkland.com
Email: austin.norris@kirkland.com

[*Additional Counsel on Signature Page*]

*Attorneys for Defendants Torrid Holdings, Inc., et. al.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

SANDRA WASWICK, On Behalf of All Others Similarly Situated,

Plaintiff,

v.

TORRID HOLDINGS, INC., et al.,

Defendants.

Case No. 2:22-cv-08375-JLS(AS)

**DEFENDANTS TORRID HOLDINGS INC., ELIZABETH MUÑOZ, GEORGE WEHLITZ, STEFAN L. KALUZNY, DARY KOPELIOFF, LISA HARPER, THEO KILLION, SYCAMORE PARTNERS MANAGEMENT, L.P., SYCAMORE PARTNERS TORRID, LLC, SYCAMORE PARTNERS, L.P., SYCAMORE PARTNERS ASSOCIATES-C, L.P., SYCAMORE PARTNERS ASSOCIATES, L.P., SYCAMORE PARTNERS ASSOCIATES INVESTMENTS, L.P., SYCAMORE PARTNERS (CO-INVEST), LLC, AND SYCAMORE PARTNERS ASSOCIATES CO-INVEST, L.P.'S REPLY IN SUPPORT OF THEIR REQUEST FOR JUDICIAL NOTICE**

FAC Filed:    May 12, 2023

Judge:         Hon. Josephine L. Staton
Hearing:      Friday, Sep. 22, 2023
Time:          10:30 a.m.
Courtroom:  8A

**DEFENDANTS' REPLY IN SUPPORT OF THEIR RJN**

## I.    INTRODUCTION

The Court should grant Torrid's Request for Judicial Notice in full. *See* ECF No. 73 (*"RJN"*). The First Amended Complaint does not attach any of the public filings, transcripts, and press releases that Plaintiffs claim contain the alleged false statements and/or corrective disclosures. *See* ECF No. 59 ("FAC"). Instead, the FAC cherry-picks excerpts from Defendants' public statements, removes the relevant context, and then claims those manipulated statements establish Plaintiffs' securities fraud claims. In response, Torrid has requested that the Court take judicial notice of the original source materials that set forth what Defendants actually said.

Plaintiffs oppose that request, urging the Court to decide the motions to dismiss without the full context of Defendants' public statements. ECF No. 79 ("RJN Opp'n"). But that is precisely why the Court should grant Torrid's request: to prevent "plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018).

Plaintiffs also oppose consideration of the Appendices submitted by Torrid. Defendants' Appendices do not contain any argument. They merely excerpt and organize information contained within the Exhibits for the Court's convenience. They are therefore entirely proper. Meanwhile, Plaintiffs' Appendix improperly contains extensive legal argument, including columns setting forth "Reasons Why False" and "Scienter Facts." *See Cheng Jiangchen v. Rentech, Inc.*, 2017 WL 10363990, at *2 n.4 (C.D. Cal. Nov. 20, 2017) (striking appendix that allowed "Defendants to make further arguments in violation of Local Rule 11-6"). It is Plaintiffs, not Torrid, who have submitted an argumentative appendix, *see* Local Rule 11-6.1, and even with this improper argument Plaintiffs do not come close to pleading actionable securities fraud claims.

1

**DEFENDANTS' REPLY IN SUPPORT OF THEIR RJN**

## II.    ARGUMENT

### A.    Defendants' Exhibits Were Incorporated by Reference in the FAC.

#### 1.    Plaintiffs Do Not Dispute that Exhibits 3–22 Are Incorporated by Reference.

In the securities fraud context, documents "contain[ing] those statements Plaintiffs allege are actionable under federal securities law" are considered incorporated by reference. *See Crews v. Rivian Auto.*, Inc., 2023 WL 3050081, at *8 (C.D. Cal. Feb. 16, 2023). "As the Ninth Circuit has explained, incorporation by reference applies to such documents, so that plaintiffs may not cherry-pick portions of documents that support their claims while ignoring other portions of the same documents that undermine their claims." *Id.* (citing *Khoja*, 899 F.3d at 1002).

Plaintiffs concede that Exhibits 3–22 are cited or quoted within the FAC and form the basis of their claims.[1] Thus, there is no dispute that the documents are incorporated by reference into the FAC. *See Rivian*, 2023 WL 3050081 ("A document may be incorporated by reference into a complaint" if "the document forms the basis of the plaintiff's claim") (quoting *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)). "[O]nce a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents." *Id.* at *7–8.

Because Plaintiffs concede that Exhibits 3–22 were incorporated by reference into the FAC, the Court may consider whether the documents—which admittedly form the basis of their claims—"weaken—or doom—their claims." *Khoja*, 899 F.3d at 1002. That is the purpose of the incorporation by reference doctrine: to prevent plaintiffs from "deliberately omitting references to documents upon which their claims are based." *Id*. (quoting *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998),

---

[1]    With respect to Exhibits 13–18, and 20, Plaintiffs merely state that they "need not address" them, because they are not cited in Defendants' Motion to Dismiss. RJN Opp'n at 5. But Plaintiffs do not contest that the documents were incorporated by reference into the FAC as set forth in Defendants' RJN. Moreover, Defendants cite Exhibits 16, 18, 20 in their Reply in Support of their Motion to Dismiss in response to arguments raised in Plaintiffs' Opposition brief.

**DEFENDANTS' REPLY IN SUPPORT OF THEIR RJN**

*superseded by statute on other grounds*); *see also Rivian,* 2023 WL 3050081, at *8; *In re Eventbrite, Inc. Sec. Litig.*, 2020 WL 2042078, at *7 (N.D. Cal. Apr. 28, 2020) (noting that alleged false statements "must be analyzed in context" and that defendant may rely on the doctrines of judicial notice or incorporation by reference "to create factual disputes with a plaintiff's conclusory allegations").

Thus, the Court should grant Defendants' Request for Judicial Notice as to Exhibits 3–22.

### 2. Exhibits 23–41 Form the Basis of Plaintiffs' Claims and Are Likewise Incorporated by Reference.

Plaintiffs argue that the Court should not consider Exhibits 23–41 because "these documents are not cited anywhere in the Complaint." RJN Opp'n at 6. But Plaintiffs' 10(b) claims as well as their insider trading claims are based, in part, on allegations regarding Defendants' trades during the class period. *See* ¶¶222–24; 254–65.

Defendants explained in their RJN that Plaintiffs' allegations about Defendants' trades at ¶¶256–64 of the FAC were presumably based on Exhibits 23–41, a set of Forms 4 filed with the SEC containing Defendants' stock trading disclosures. RJN at n.2. Plaintiffs do not dispute this, nor do they dispute the authenticity of the Forms 4 submitted by Defendants. The doctrine of incorporation by reference extends to precisely this circumstance. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) ("We have extended the 'incorporation by reference' doctrine to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint."); *see also Wochos v. Tesla, Inc.*, 2018 WL 4076437, at *2 (N.D. Cal. Aug. 27, 2018) ("Moreover, while the complaint ***does not specifically incorporate these documents by reference***, they constitute the subject matter of the claim: [Defendant]'s Public Statements." (emphasis added)).

**DEFENDANTS' REPLY IN SUPPORT OF THEIR RJN**

Indeed, Plaintiffs' allegations "are identical to the information found in the relevant Forms 4 from [Exhibits 23–41]" and "the only source of insider trading data available to plaintiffs when drafting complaints is the Forms 3, 4, and 5 filed with the SEC." *Garden City Employees' Ret. Sys. v. Anixter Int'l, Inc.*, No. 09-CV-5641, 2011 WL 1303387, at *10 (N.D. Ill. Mar. 31, 2011) (internal quotations omitted) (finding it was "safe to assume that the Forms 4 filed by the Individual Defendants during the class period were the source" of the plaintiffs' allegations regarding Defendants' trading histories).

The Court should therefore grant Defendants' Request for Judicial Notice as to Exhibits 23–41, since they form the basis of Plaintiffs' Exchange Act claims and, accordingly, are incorporated by reference into the FAC.

**B.      Defendants' Exhibits Are Also the Proper Subject of Judicial Notice.**

Exhibits 3–42 may also be considered by the Court for the independent reason that they are the proper subject of judicial notice. Plaintiffs do not dispute that Exhibits 3–42 are "the sorts of documents that contain facts that could be properly the subject of judicial notice" and concede that "each are public statements with contents that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." RJN Opp'n at 8. Indeed, courts routinely take judicial notice of such documents in securities fraud cases. *See, e.g., Mendoza v. HF Foods Grp. Inc.*, 2021 WL 3772850, at *2 (C.D. Cal. Aug. 25, 2021) (judicially noticing SEC filings including documents containing alleged false statements and corrective disclosures in securities fraud case); *Waterford Twp. Police & Fire Ret. Sys. v. Mattel, Inc.*, 321 F. Supp. 3d 1133, 1143–44 (C.D. Cal. 2018) (judicially noticing earnings call transcripts and analyst reports); *Wochos*, 2018 WL 4076437, at *2 ("[These] are documents that Tesla filed with the SEC. Given that Tesla publicly filed these documents, their accuracy cannot reasonably be questioned, and they are therefore appropriate subjects of judicial notice.").

**DEFENDANTS' REPLY IN SUPPORT OF THEIR RJN**

Nonetheless, Plaintiffs object that Defendants rely on Exhibits 3–6, 9, 11, 19, 21–42 for an improper purpose. RJN Opp'n at 8–9. Plaintiffs' objection is misplaced. As an initial matter, Plaintiffs ignore that these documents are incorporated by reference into the FAC. Accordingly, "the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents." *Rivian*, 2023 WL 3050081, at *7 (quoting *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014)).

Regardless, these documents provide the Court with the full context of Defendants' public statements and filings so the Court may determine what representations Defendants made to the market. *See Wochos*, 2018 WL 4076437, at *2 (judicially noticing and considering in evaluating a motion to dismiss, the defendant's publicly filed documents, even those *not cited in the complaint*, to "determine[e] what representations [defendant] made to the market").

Plaintiffs' arguments with respect to Exhibits 23–41 (the Forms 4) are equally meritless. *See* RJN Opp'n at 6. While Plaintiffs claim that the "use of Forms 4 has long been resoundingly rejected by courts in and out of this District," Plaintiffs ignore the long line of California district court cases that have taken judicial notice of Forms 4. *See, e.g.*, *Lamartina v. VMware, Inc.*, 2023 WL 2763541, at *7 (N.D. Cal. Mar. 31, 2023) (taking judicial notice of "Form 4 filings submitted to the SEC"); *Habelt v. iRhythm Techs., Inc.*, 2022 WL 971580, at *6 (N.D. Cal. Mar. 31, 2022) ("The Court takes judicial notice of [these exhibits], which are SEC filings on Forms 4 . . . that show publicly available information about iRhythm."); *In re Plantronics, Inc. Sec. Litig.*, 2021 WL 8572663, at *3 (N.D. Cal. Mar. 29, 2021) ("Form 4 filings are proper subjects of judicial notice because they provide relevant information concerning an inference of scienter, their authenticity is not in question, and courts routinely consider such documents."); *Hampton v. Aqua Metals, Inc.*, 2020 WL 6710096, at *4 (N.D. Cal. Nov. 16, 2020) (same); *In re Fastly, Inc. Sec. Litig.*, 2021 WL 5494249, at *8 (N.D. Cal. Nov. 23, 2021) ("[C]ourts regularly look at Form 4s showing stock

5

**DEFENDANTS' REPLY IN SUPPORT OF THEIR RJN**

purchases" in securities cases); *In re Hansen Natural Corp. Securities Litig.*, 527 F. Supp. 2d 1142, 1150 n. 2 (C.D. Cal. 2007) (taking judicial notice of several Forms 4 filed during the class period and referenced in the complaint); *In re Openwave Systems Inc. Shareholder Derivative Litig.*, 503 F. Supp. 2d 1341, 1349–50 (N.D. Cal. 2007) (taking judicial notice of defendants' Forms 4 for the purpose of determining what they disclosed to the SEC); *Morgan v. AXT, Inc.*, Nos. C 04–4362 MJJ, C 05–5106 MJJ, 2005 WL 2347125, *7 (N.D. Cal. Sept. 23, 2005) (taking judicial notice of SEC Forms 4 even though they were not expressly referenced in the complaint); *Wietschner v. Monterey Pasta Co.*, 294 F. Supp. 2d 1102, 1109 (N.D. Cal. 2003) (taking judicial notice of SEC Forms 4 not explicitly referenced in the complaint because the filings were "integral to the stock sale allegations made in the Complaint").

While Plaintiffs' cited cases dispute whether courts may take judicial notice of "the truth of the content of SEC filings, including Form 4s," *Morris v. Smith Micro Software, Inc.*, 2012 WL 12948541, at *7 (C.D. Cal. May 21, 2012), they acknowledge that judicial notice is nonetheless proper. *See Patel v. Parnes*, 253 F.R.D. 531, 545 (C.D. Cal. 2008) (citing several cases in which district courts take judicial notice of SEC Forms 4s in securities fraud cases and then judicially noticing Forms 4); *id.* ("Therefore, the court will take judicial notice of [Defendants'] Forms 4. . . to the extent defendants ask that it judicially notice the content of the documents and the fact of their filing."). Indeed, "Form 4 filings are proper subjects of judicial notice because they provide relevant information concerning an inference of scienter, their authenticity is not in question, and courts routinely consider such documents." *In re Plantronics*, 2021 WL 8572663, at *3.

Defendants' Exhibits are offered to ensure the Court has the full picture of their public facing statements and trades, which the Court may properly consider on a motion to dismiss. Therefore, this Court may and should take judicial notice of all of Defendants' Exhibits.

**DEFENDANTS' REPLY IN SUPPORT OF THEIR RJN**

**C.    Defendants' Appendices Are a Helpful Reference for the Court and Contain No Unique Information or Argument, While Plaintiffs' Appendix Violates the Local Rules.**

Plaintiffs include in their opposition to Defendants' Request for Judicial Notice arguments regarding Torrid's Appendices. RJN Opp'n at 1, 4–5. Without moving to strike the Appendices, Plaintiffs argue they violate Local Rule 11-6.1 and 11-7 and so the Court should disregard them. *Id*. Plaintiffs are incorrect.

Plaintiffs' claims implicate more than 50 separate statements set forth in numerous public SEC filings. For the convenience and ease of the Court, Defendants included Appendices with their motion. *See* Norris Decl. Exs, 1–2. The Appendices do not contain argument. Instead, they organize information contained in the attached exhibits to aid the Court in its review. Other courts have considered similar Appendices because they provide "organizational work that the Court would otherwise have to take upon itself." *Garden City Employees' Ret. Sys.*, 2011 WL 1303387, at *9 (quoting *King v. Enterprise Rent–A–Car Co.*, 231 F.R.D. 255, 265 (E.D. Mich. 2004)).

Unlike Defendants' Appendices, which do not "include any matters which properly belong in the body of the memorandum of points and authorities," L.R. 11-7, Plaintiffs lard their Appendix with extensive legal argument. *See* Pls App'x A. Plaintiffs' 37-page Appendix juxtaposes a column of "Alleged Misrepresentation[s]" with two columns of counsel-drafted legal argument titled "Reasons Why False" and "Scienter Facts." *See id*. Plaintiffs ironically rely upon *Cheng Jiangchen v. Rentech, Inc.,* where the court struck a chart of "allegedly false and misleading statements" that "highlight[ed] what Defendants contend are defects in Plaintiff's pleading," because it "allows Defendants to make further arguments in violation of Local Rule 11-6." 2017 WL 10363990, at *2, 4 (C.D. Cal. Nov. 20, 2017). But it is Plaintiffs, not Torrid, who have submitted a chart "nearly identical" to that stricken in *Rentech*. *See id; see also Jonna Corp. v. City of Sunnyvale, Ca*, 2017 WL 2617983, at *2 n.4 (N.D. Cal. June 16, 2017) (striking appendix that was "akin to legal argument").

7

**DEFENDANTS' REPLY IN SUPPORT OF THEIR RJN**

Since Plaintiffs have not moved to strike Defendants' Appendices, there is no reason why the Court should not consider them if they are helpful to its synthesis of the underlying exhibits. Defendants object to the argument in Plaintiffs' Appendix to the extent it "allows [Plaintiffs] to make further arguments in violation of Local Rule 11-6." *See Rentech*, 2017 WL 10363990, at *4. Regardless, as explained in Defendants' Motion and Reply Brief, nothing in the FAC or Plaintiffs' Appendix comes close to meeting the exacting standards for pleading securities fraud claims under the PSLRA.

## III.    CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court grant its request for judicial notice in its entirety.

DATED: August 25, 2023

Respectfully submitted,
KIRKLAND & ELLIS LLP

By: _/s/ Austin Norris_
Mark Holscher (SBN 139582)
Austin Norris (SBN 284603)
KIRKLAND AND ELLIS LLP
2049 Century Park East
Los Angeles, CA 90067
Tel: (310) 552-4200
Facsimile: (310) 552-5900
Email: mark.holscher@kirkland.com
Email: austin.norris@kirkland.com

Matthew Solum (*Pro Hac Vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022-4611
Telephone: (212) 446-4688
Facsimile: (212) 446-4900
Email: matthew.solum@kirkland.com

8

**DEFENDANTS' REPLY IN SUPPORT OF THEIR RJN**

*Attorneys for Defendants Torrid Holdings Inc., Elizabeth Muñoz, George Wehlitz, Stefan L. Kaluzny, Dary Kopelioff, Lisa Harper, Theo Killion, Sycamore Partners Management, L.P., Sycamore Partners Torrid, LLC, Sycamore Partners, L.P., Sycamore Partners Associates-C, L.P., Sycamore Partners Associates, L.P., Sycamore Partners Associates Investments, L.P., Sycamore Partners (Co-Invest), LLC, and Sycamore Partners Associates Co-Invest, L.P.*

9

**DEFENDANTS' REPLY IN SUPPORT OF THEIR RJN**

## CERTIFICATE OF COMPLIANCE

I hereby attest that this brief contains 2,435 words, which complies with the word limit of L.R. 11-6.1.


DATED: August 25, 2023          */s/ Austin Norris*

                                *Attorney for Defendants*