ROBBINS GELLER RUDMAN
   & DOWD LLP
LAURIE L. LARGENT (153493)
STEPHEN JOHNSON (347822)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
llargent@rgrdlaw.com
sjohnson@rgrdlaw.com

Lead Counsel for Lead Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA WASWICK, on Behalf of All Others Similarly Situated,<br><br>                     Plaintiff,<br><br>   vs.<br><br>TORRID HOLDINGS INC., et al.,<br><br>                   Defendants. | Case No. 2:22-cv-08375-JLS(ASx)<br><br>REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS<br><br>DATE:    May 10, 2024<br>TIME:    10:30 a.m.<br>CTRM:   8A<br>JUDGE:  Hon. Josephine L. Stanton |

4874-3679-1722.v1

Pursuant to the incorporation by reference doctrine and Federal Rule of Evidence 201, Plaintiffs request the Court take judicial notice of Exhibits A-C to the Declaration of Laurie L. Largent in Support of Plaintiffs' Opposition to Defendants' Motion to Dismiss ("Largent Decl."), filed concurrently herewith.

## I. LEGAL STANDARDS FOR INCORPORATION BY REFERENCE AND JUDICIAL NOTICE

Generally, courts "'may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion'" without converting it to one for summary judgment. *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001) (citation omitted); *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). However, there are two exceptions: the incorporation-by-reference doctrine and judicial notice under Fed. R. Evid. 201. *Khoja*, 899 F.3d at 998. Incorporation by reference permits consideration of documents upon which the complaint relies, treating them as if they were part of the complaint itself. *Id.* at 1002; Judicial notice is also taken of adjudicative facts "not subject to reasonable dispute," *i.e.*, if it is "generally known," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Courts may appropriately take judicial notice of matters of public record, information contained in news articles, and publicly accessible websites whose accuracy and authenticity is not subject to dispute. *In re Facebook, Inc. Sec. Litig.*, 405 F. Supp. 3d 809, 827 (N.D. Cal. 2019). Disputed facts contained in those records, however, should not be judicially noticed. *See Khoja*, 899 F.3d at 999.

## II. EXHIBIT A IS APPROPRIATE UNDER THE INCORPORATION BY REFERENCE DOCTRINE

Exhibit A is excerpts from Torrid's Form 10-Q for Q3 2021, filed with the SEC on December 8, 2021, which is discussed and referenced in Plaintiffs' First Amended Consolidated Class Action Complaint for Violation of Federal Securities Laws (ECF 91), ¶89. It is therefore appropriate for the Court to consider Exhibit A in connection with Plaintiffs' Opposition to Defendants' Motion to Dismiss. *Khoja*, 899 F.3d at

- 1 -

4874-3679-1722.v1

1002; *Shenwick v. Twitter, Inc.*, 282 F. Supp. 3d 1115, 1123 (N.D. Cal. 2017). Moreover, the Court has already taken judicial notice of this filing in this action. *See* ECF 90 at 5 (granting request for judicial notice "as to Exhibits 3 through 22"); ECF 72-5 (Q3 2021 10-Q attached as Exhibit 5).

## III.   EXHIBITS B AND C SHOULD BE JUDICIALLY NOTICED

It is appropriate to take judicial notice of Exhibit B, a history of Torrid's stock price between July 1, 2021 and June 7, 2022, and Exhibit C, a Jefferies Equity Research Report, dated September 9, 2021.  The Court may take judicial notice of the Company's stock prices reflected within Exhibit B, as the prices of publicly traded stocks "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."   Fed. R. Evid. 201(b)(2); *see also Sudunagunta v. NantKwest, Inc.*, 2017 WL 8811116, at *2 (C.D. Cal. May 16, 2017) ("[s]tock prices are properly subject to judicial notice") (citing *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008)).

The Court can also take judicial notice of Exhibit C, the Jefferies Equity Research Report, because publications such as newspapers and magazines offer "an indication of what information was in the public realm at the time[,]" they "meet the standards for admissibility set forth in Federal Rule of Evidence 201(b)." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010); *see also In re Century Aluminum Co. Sec. Litig.*, 2011 WL 830174, at *9 (N.D. Cal. Mar. 3, 2011), *aff'd*, 729 F.3d 1104 (9th Cir. 2013) ("[C]ourts routinely take judicial notice of analyst reports."); *Wilson v. Edison Int'l, Inc.*, 2016 WL 7469601, at *6 (C.D. Cal. July 6, 2016) (taking judicial notice of analyst reports); *Harris v. Amgen, Inc.*, 2008 WL 11336413, at *2 (C.D. Cal. Feb. 1, 2008) (same).  *Yaron v. Intersect ENT, Inc.*, 2020 WL 6750568, at *3–*4 (N.D. Cal. June 19, 2020) (taking judicial notice of analyst report).

- 2 -

## IV.   CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court take judicial notice of Exhibits A-C to the concurrently filed Largent Decl.

DATED:  March 1, 2024

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
LAURIE L. LARGENT
STEPHEN JOHNSON

s/ LAURIE L. LARGENT
LAURIE L. LARGENT

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
llargent@rgrdlaw.com
sjohnson@rgrdlaw.com

Lead Counsel for Lead Plaintiff

VANOVERBEKE, MICHAUD
  & TIMMONY, P.C.
THOMAS C. MICHAUD
79 Alfred Street
Detroit, MI  48201
Telephone:  313/578-1200
313/578-1201 (fax)
tmichaud@vmtlaw.com

Additional Counsel for Lead Plaintiff

- 3 -

4874-3679-1722.v1