Mark Holscher (SBN 139582)
Austin Norris (SBN 284603)
KIRKLAND AND ELLIS LLP
2049 Century Park East
Los Angeles, CA 90067
Telephone:   (310) 552-4200
Facsimile:    (310) 552-5900
Email: mark.holscher@kirkland.com
Email: austin.norris@kirkland.com

Matthew Solum (*Pro Hac Vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022-4611
Telephone: (212) 446-4688
Facsimile: (212) 446-4900
Email: matthew.solum@kirkland.com

*Attorneys for the Torrid, Sycamore, and Individual Defendants*

James N. Kramer (SBN 154709)
Alexander K. Talarides (SBN 268068)
ORRICK, HERRINGTON &
SUTCLIFFE LLP
405 Howard Street
San Francisco, California 94105
Telephone:   (415) 773-5700
Facsimile:    (415) 773-5759
Email: jkramer@orrick.com
Email: atalarides@orrick.com

Darrell S. Cafasso (*Pro Hac Vice*)
Jennifer Keighley (*Pro Hac Vice*)
ORRICK, HERRINGTON &
SUTCLIFFE LLP
51 West 52nd Street
New York, New York 10019
Telephone:   (212) 506-5000
Facsimile:    (212) 506-5151
Email: dcafasso@orrick.com
Email: jkeighley@orrick.com

*Attorneys for Underwriter Defendants*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA WASWICK, on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TORRID HOLDINGS INC., et al.,<br><br>Defendants. | Case No. 2:22-cv-8375-JLS-AS<br><br>**OPPOSITION TO PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS MOTION TO DISMISS**<br><br>SAC Filed: December 22, 2023<br><br>Judge:      Hon. Josephine L. Staton<br>Hearing:   May 10, 2024<br>Time:       10:30 a.m.<br>Courtroom:  8A |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' RJN**

## I.    INTRODUCTION

Plaintiffs' Request for Judicial Notice (ECF 99, "RJN") regarding Exhibits A and C to the Declaration of Laurie L. Largent (ECF 98-2, 98-4) should be denied.

Plaintiffs are attempting to use these Exhibits to introduce "facts" that they did not plead in their Second Amended Complaint (ECF 91, "SAC"). Specifically, Plaintiffs seek to use Ex. A, Torrid's Form 10-Q for Q3 2021, to introduce an unpled statement that, "During the third quarter of fiscal year 2021, global supply chain disruption caused significant product delays resulting in limited product availability to our customers. Increased port congestion and COVID-19-related factory closures, most notably in the Asia-Pacific region where we source a significant amount of product, impacted our results of operations for the three- and nine-months ended October 30, 2021." RJN Ex. A at 10–11. Plaintiffs mischaracterize this statement in their Opposition, claiming that it shows "substantial product delays … pre-dated the IPO by at least five months," even though this statement actually addresses events occurring during Torrid's Q3 2021— *i.e.*, August 1 to October 30, 2021—months *after* the July 1, 2021 IPO. Opp'n at 1–2. While Plaintiffs acknowledged Torrid's Q3 2021 results in the SAC, they did not identify this statement nor allege that it established pre-IPO product delays. SAC ¶89.

Similarly, Plaintiffs are attempting to use Ex. C, a September 9, 2021 Jeffries Equity Research Report, to introduce the reaction of an equity analyst to Torrid's September 8, 2021 disclosures and to claim that the market "did not appreciate the impact of the inventory delays until later disclosures" by Torrid. Opp'n at 19. Plaintiffs rely on Ex. C to support the following arguments:

1.    "As a result, analysts following Torrid left the September 8 conference call feeling that Torrid's supply chain issues were 'manageable.' Ex. C." Opp'n at 17.

2.    "In fact, Defendants' September 8 report on Torrid's 2Q 2021 strong performance and robust guidance left analysts raising estimates and noting that, while delays were a headwind, 'they appear less onerous than feared.' Ex. C." Opp'n at 19.

1

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' RJN**

But Plaintiffs failed to plead any facts in the SAC regarding this (or any other) analyst's reaction to Torrid's September 8 disclosures. SAC ¶¶ 52–53, 88–89 (discussing the events of September 8, 2021, without pleading any reaction by analysts). Plaintiffs are also trying to rely on Ex. C for the truth of its contents—*i.e.* to demonstrate how analysts interpreted and reacted to Torrid's September 8 disclosures.

Plaintiffs' use of these Exhibits is improper and should be denied.

## II.    ARGUMENT

### A.    Plaintiffs May Not Rely on Judicial Notice to Add Allegations Missing from the SAC.

Plaintiffs cannot use judicial notice to add new factual allegations they failed to allege in the SAC. It is axiomatic that courts cannot "take into account additional facts asserted in a memorandum opposing the motion to dismiss." *Schneider v. Cal. Dept. of Corrections*, 151 F.3d 1194, 1197, n. 1 (9th Cir. 1998). Accordingly, courts routinely decline requests for judicial notice when a plaintiff attempts to use judicial notice to raise new, unpled facts in opposition to a Rule 12(b)(6) motion. *See e.g.*, *In re Turbodyne Techs., Inc. Secs. Litig.*, 2000 WL 33961193, at *10 (C.D. Cal. Mar. 15, 2000) ("[P]laintiffs clearly seek to have the court take judicial notice of Exhibit Q to cure [their] omission. In deciding a motion to dismiss, courts may not 'take into account additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a).' The effect of plaintiffs' request that the court take judicial notice of Exhibit Q is the same, and the court declines to do so for that reason.") (quoting *Schneider*, 151 F.3d at 1197, n. 1); *Okla. Firefighters Pension & Ret. Sys. v. IXIA*, 50 F. Supp. 3d 1328, 1350 (C.D. Cal. 2014) (declining to rely on SEC filings although they were properly subject to judicial notice "because plaintiffs are attempting to use them to supplement allegations included in the complaint" and "Plaintiffs cannot utilize the documents to amend the complaint and defeat defendants' motions to dismiss"); *Freeney v. Bank of Am. Corp.*, 2015 WL 4366439, at *17 (C.D. Cal. July 16, 2015) ("Plaintiffs' attempt to amend their complaint

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' RJN**

through judicial notice to include facts . . . is improper."); *Mobley v. Workday, Inc.*, 2024 WL 208529, at *3 (N.D. Cal. Jan. 19, 2024) ("Although courts routinely take judicial notice of Form 10-Ks . . . Mobley requests that the Court supplement the allegations of his complaint with the contents of the Form 10-Ks, even though the complaint does not mention the Form 10-Ks in any way. The Court has no legal basis to do what Mobley requests."); *In re Apple Inc. Device Performance Litig.*, 386 F. Supp. 3d 1155, 1166 (N.D. Cal. 2019) (denying plaintiffs' request for judicial notice of Apple's webpages because the request "appear[ed] to be an attempt to amend the pleadings to add more allegations").

Having failed to allege the new supposed "facts" derived from Exhibits A and C, Plaintiffs cannot now rely on a request for judicial notice to cure pleading omissions.

**B.    The Analyst Report Is Not Judicially Noticeable for the Truth of Its Contents.**

Courts have expressed doubt about whether taking judicial notice of an analyst report, which may or may not be publicly available, is proper in a securities case. *See Hsu v. Puma Biotechnology, Inc.*, 213 F. Supp. 3d 1275, 1282–83 (C.D. Cal. 2016) (denying request for judicial notice of analyst report, and distinguishing cases that have judicially noticed such materials). At most, analyst reports are judicially noticeable only for the limited purpose of establishing what information was available to the market at a given time. *See In re Century Aluminum Co. Secs. Litig.*, 2011 WL 830174, at *9 (N.D. Cal. Mar. 3, 2011).

Indeed, *every case* Plaintiffs cite regarding judicial notice of analyst reports expressly recognizes this limitation. *Id.* at *9 ("However, courts routinely take judicial notice of analyst reports, ***not in order to take notice of the truth of the matters asserted therein***, but in order to determine what may or may not have been disclosed to the public." (emphasis added)); *Wilson v. Edison Int'l, Inc.*, 2016 WL 7469601, at *6 (C.D. Cal. July 6, 2016) (granting judicial notice "for the limited purpose of showing that [the emails and news articles] were exchanged or published, and ***not for the truth of the***

3

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' RJN**

*matters asserted*" (emphasis added)); *Harris v. Amgen, Inc.*, 2008 WL 11336413, at \*2 (C.D. Cal. Feb. 1, 2008) ("Among the public documents a court may consider in a motion to dismiss securities fraud claims are analyst reports when they are submitted to establish "whether and when certain information was provided to the market," ***not the truth of the matters asserted in the reports***." (emphasis added)); *Yaron v. Intersect ENT, Inc.*, 2020 WL 6750568, at \*4 (N.D. Cal. June 19, 2020) ("Analyst reports are subject to judicial notice ***not for the truth of their contents***, but to determine the information available to the market." (emphasis added)).

Here, Plaintiffs impermissibly rely on Ex. C for the truth of its contents: to show how analysts supposedly reacted to Torrid's September 8, 2021 disclosures. Because Plaintiffs do not use the analyst report to demonstrate the information available to the market, the Court should deny judicial notice of Ex. C.

## III.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' request for judicial notice of Exhibits A and C to the Largent Declaration.

DATED:  March 22, 2024

Respectfully submitted,
KIRKLAND & ELLIS LLP


*/s/ Austin Norris*
Mark C. Holscher (SBN 139582)
mark.holscher@kirkland.com
Austin Norris (SBN 284603)
austin.norris@kirkland.com
KIRKLAND & ELLIS LLP
2049 Century Park East
Los Angeles, CA 90067
Tel: 310-552-4200
Fax: 310-552-5900

Matthew Solum (*Pro Hac Vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022-4611

4

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' RJN**

Telephone: (212) 446-4688
Facsimile: (212) 446-4900
Email: matthew.solum@kirkland.com

*Attorney for Attorneys for the Torrid, Sycamore, and Individual Defendants*

DATED: March 22, 2024

*/s/ James N. Kramer*
James N. Kramer (SBN 154709)
Alexander K. Talarides (SBN 268068)
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, California 94105
Telephone:  (415) 773-5700
Facsimile:   (415) 773-5759
Email: jkramer@orrick.com
Email: atalarides@orrick.com

Darrell S. Cafasso (*Pro Hac Vice*)
Jennifer Keighley (*Pro Hac Vice*)
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, New York 10019
Telephone:  (212) 506-5000
Facsimile:   (212) 506-5151
Email: dcafasso@orrick.com
Email: jkeighley@orrick.com

*Attorneys for Underwriter Defendants*

5
**DEFENDANTS' OPPOSITION TO PLAINTIFFS' RJN**

## ATTESTATION OF COMPLIANCE

Pursuant to L.R. 5-4.3.4, the filer, Austin Norris, attests that all other signatories listed, and on whose behalf the filing is being submitted, concur in the filing's content and have authorized the filing.

DATED:  March 22, 2024

By: */s/ Austin Norris*
Austin Norris (SBN 284603)

*Attorney for the Torrid, Sycamore, and Individual Defendants*

1
**DEFENDANTS' OPPOSITION TO PLAINTIFFS' RJN**