ROBBINS GELLER RUDMAN
   & DOWD LLP
LAURIE L. LARGENT (153493)
STEPHEN JOHNSON (347822)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
llargent@rgrdlaw.com
sjohnson@rgrdlaw.com

Lead Counsel for Lead Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA WASWICK, on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>TORRID HOLDINGS INC., et al.,<br><br>Defendants. | Case No. 2:22-cv-08375-JLS(ASx)<br><br>PLAINTIFFS' REPLY IN FURTHER SUPPORT OF REQUEST FOR JUDICIAL NOTICE<br><br>SAC Filed: December 22, 2023<br><br>Judge: Hon. Josephine L. Staton<br>Hearing: May 17, 2024<br>Time: 10:30 a.m.<br>Courtroom: 8A |

4884-1793-1448.v1

Defendants' Opposition to Plaintiffs' Request for Judicial Notice (ECF 101) ("Opp.") attempts to create a dispute in a well-settled area of law by mischaracterizing the purposes for which Plaintiffs seek judicial notice and consideration of documents as incorporated by reference. As discussed below, Exhibits A and C are directly related to Defendants' arguments in their motion to dismiss Plaintiffs' Amended Consolidated Complaint (ECF 91) ("AC"), and are not being used for the truth of the matter asserted or to amend the AC.

## I.   THE COURT MAY TAKE JUDICIAL NOTICE OF EXHIBIT A UNDER THE INCORPORATION BY REFERENCE DOCUMENT

Defendants do not dispute that Exhibit A (Torrid's Form 10-Q for Q3 2021 ("Q3 2021 Form 10-Q")) properly falls within the incorporation by reference doctrine because it is referenced in the AC. Nor do they challenge the authenticity of the Q3 2021 Form 10-Q. Declaration of Laurie L. Largent in Support of Plaintiffs' Opposition to Defendants' Motion to Dismiss ("Largent Decl."), Ex. A (ECF 98-2). Instead, their only claim is that the Q3 2021 Form 10-Q introduces new facts that are not pled in the AC. Opp. at 1. Not so.

The AC's allegations regarding the substantial production delays Torrid was facing leading up to the IPO, are consistent with the Q3 2021 Form 10-Q. In other words, Exhibit A does not contain new allegations. S*ee, e.g.*, AC, ¶5 ("Unbeknownst to investors, at the time of the IPO Torrid experienced severe inventory shipment delays from its manufacturers and was dealing with debilitating inventory constraints that were negatively impacting the Company's business operations and financial performance."); AC, ¶40 ("Unbeknownst to investors in late 2020, Torrid began experiencing shipment delays from its manufacture[r]s in Asia, and in May 2021, two months before the IPO the delays significantly worsened due to the emergence of the Delta variant of COVID-19."); AC, ¶68(a) ("Beginning in late 2020 Torrid experienced inventory shipment delays due to port congestion in Long Beach and Los Angeles, and factory closures of its Asia-Pacific manufacturers."). The Q3 2021

- 1 -

4884-1793-1448.v1

Form 10-Q counters Defendants' claim that the Registration Statement's purported disclosures about general pandemic risks and the pandemic's potential for further disruptions, immunize them from liability, and confirms the alleged disruptions had already manifested prior to the IPO, which is consistent with the AC's allegations. *See* Plaintiffs' Opposition to Defendants Motion to Dismiss (ECF 98) at 8-9.

The cases Defendants rely on do not support their position. For example, in *In re Turbodyne Techs., Inc. Sec. Litig.*, 2000 WL 33961193 (C.D. Cal. Mar. 15, 2000), the court declined to take judicial notice of an exhibit containing daily trading volume information because, unlike here, the complaint failed to plead any facts regarding that information. *Id.* at *10 (refusal to take judicial notice because the "complaint lack[ed] any allegations regarding [the Company's] daily trading volume"). The AC here, however, repeatedly alleges that substantial production delays pre-dated the IPO, which the Q3 2021 Form 10-Q corroborates. *See* AC, ¶¶5, 40, 41. The other cases cited in Defendants' opposition are not supportive for the same reason. *See* Opp. at 2-3.

## II. THE COURT MAY TAKE JUDICIAL NOTICE OF EXHIBIT C, AN ANALYST REPORT FROM JEFFERIES, WHICH IS OFFERED TO ESTABLISH WHETHER AND WHEN INFORMATION WAS PUBLISHED AND AVAILABLE TO INVESTORS

Exhibit C (Jefferies Equity Research Report dated September 9, 2021 ("Jefferies Report")), may also be judicially noticed. Largent Decl., Ex. C (ECF 98-4). The Jefferies Report is a compilation of information about Torrid's business that Jefferies obtained directly from Torrid on its September 8, 2021 earnings conference call and published the next day to inform investors of information Jefferies believed was relevant and important about Torrid's business. Contrary to Defendants' claim, Plaintiffs offer the Jefferies Report to simply show what information Torrid provided to investors on September 8, 2021, and not for the truth of the matter asserted. As Defendants correctly observe, courts routinely take judicial notice of analyst reports "'in order to determine what may or may not have been disclosed to the public.'" Opp.

- 2 -

4884-1793-1448.v1

at 3 (citing *In re Century Aluminum Co. Sec. Litig.*, 2011 WL 830174, at *9 (N.D. Cal. Mar. 3, 2011)).

Here, the Court may take judicial notice of the Jefferies Report because it is offered to establish that Torrid disseminated positive information about its business to investors—whether true or not.  For purposes of Plaintiffs' rebuttal to Defendants' negative causation argument, whether the information about Torrid's positive outlook was true or untrue is irrelevant.  Moreover, Defendants do not dispute the authenticity of the Jefferies Report, nor do they dispute that the information contained therein was published on September 9, 2021 or that it is not subject to reasonable dispute.  Thus, the Court may judicially notice the Jefferies Report because it is offered to establish what information Torrid disseminated to the investing public on September 8, 2021. *See In re Amgen Inc. Sec. Litig.*, 544 F. Supp. 2d 1009, 1023 (C.D. Cal. 2008) (taking judicial notice of analyst report to establish whether and when certain information was provided to the market); *In re Apple Inc. Sec. Litig.*, 2020 WL 2857397, at *6 (N.D. Cal. June 2, 2020) ("courts routinely take judicial notice of analyst reports") (citation omitted).

DATED:  April 25, 2024

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
LAURIE L. LARGENT
STEPHEN JOHNSON


s/ LAURIE L. LARGENT
LAURIE L. LARGENT

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
llargent@rgrdlaw.com
sjohnson@rgrdlaw.com

Lead Counsel for Lead Plaintiff

- 3 -

4884-1793-1448.v1

VANOVERBEKE, MICHAUD
  & TIMMONY, P.C.
THOMAS C. MICHAUD
79 Alfred Street
Detroit, MI  48201
Telephone:  313/578-1200
313/578-1201 (fax)
tmichaud@vmtlaw.com

Additional Counsel for Lead Plaintiff

- 4 -

4884-1793-1448.v1

# CERTIFICATE OF COMPLIANCE

I hereby attest that this brief contains 863 words, which complies with the word limit of L.R. 11-6.1

DATED:  April 25, 2024

s/ LAURIE L. LARGENT

LAURIE L. LARGENT
ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Telephone: 619/231-1058
619/231-7423 (fax)
Email: llargent@rgrdlaw.com

4884-1793-1448.v1